(No. 35665.▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND KOSELE, Plaintiff in Error.

*Opinion filed September 22, 1961.*

Stanley A. Durka, of Waukegan, (Thomas L. Ruth, Jr., of counsel,) for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Bruno Stanczak, State's Attorney, of Waukegan, (Fred G. Leach, Assistant Attorney General, and Jack Hoogasian, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

Raymond Kosele was indicted in the circuit court of Lake County for the crime of burglary. He was tried before the court without a jury, found guilty, and sentenced to the penitentiary for a term of one to two years. On this

writ of error he contends that ownership of the premises entered, and of the property intended to be stolen therefrom, was not sufficiently proved.

It appears that during the late hours of January 10, 1959, or early hours of January 11, a restaurant and gasoline station located at the northwest corner of Route 176 and Route 41 in Lake County was broken into, and the contents of coin boxes in a pinball machine and a jukebox were stolen. A person residing above the restaurant heard the commotion downstairs, saw two men leave the restaurant, and immediately notified the police. The defendant and another man were stopped on Route 41 shortly after the incident and were arrested.

The indictment charges defendant with forcibly breaking and entering a certain building "to-wit: A two-story building of cement block construction owned by the Socony Mobile Oil Co., Inc., a New York Corporation, the first floor of which is occupied by Mabel Walker and Lawrence Walker, doing business as Walker's Service Station, as a restaurant and gasoline service station, located in the County of Lake and State of Illinois" with intent to steal "the personal goods, chattels and property of Mabel Walker and Lawrence Walker in the said certain building * * *."

To prove ownership of the building the State called as a witness one Burt Johnson, a bulk plant manager for Socony Mobile Oil Company. He testified that the company owned the property, but his testimony that the company was a corporation was ruled inadmissible. He thereupon testified over defendant's objections, that the company maintains an office in Illinois, that it has a president, a board of directors and a corporate seal, that regular meetings of its board of directors are held, that minutes are kept of the meetings, that the company does a petroleum products business in Illinois and owns gasoline stations, including the one in question, and that on the date in question the station was under lease to Lawrence and Mabel Walker.

Defendant argues that to sustain a conviction of burglary it is essential to prove ownership of the building entered, and that if ownership is alleged to be in a corporation the existence of the corporation must be proved. It is then insisted that in the case at bar the testimony relied upon to prove this fact consists merely of conclusions and was inadmissible. The fact of corporate existence, where necessary, may be shown by proof of the actual exercise and enjoyment of the corporate powers and functions, and in the absence of proof to the contrary, the proof of user sufficiently supports the allegation. (*People* v. *Holtzman,* 1 Ill.2d 562; *Graff* v. *People,* 208 Ill. 312.) This was the method followed in the case at bar. Ownership of the building was adequately proved, and the testimony of the manager on the question of corporate existence was not objectionable as being in the form of conclusions.

Defendant next says there is no evidence to support the allegation of intent to steal the property of the Walkers. The evidence shows that the property actually taken was the sum of $103.20, found in the jukebox and pinball machine, and that Mrs. Walker neither owned the pinball machine nor had access to its coin box. It does not follow, however, from the mere fact that the money taken did not belong to the Walkers that there was no intent to steal their property. The record shows that the Walkers were the occupants of the premises, that they operated a service station and lunch room therein, and that after breaking in the defendant took some money therefrom. From such facts the inference may be drawn that he had the intent alleged.

We have carefully considered defendant's arguments and find them to be without merit. The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*